```
 1 │ Floyd W. Bybee, #012651
   │ **Law Office of**
 2 │ **Floyd W. Bybee, PLLC**
   │ 4445 E. Holmes Avenue
 3 │ Suite 107
   │ Mesa, AZ 85206-3398
 4 │ Office:  (480) 756-8822
   │ Fax: (480) 302-4186
 5 │ floyd@bybeelaw.com
   │
 6 │ Attorney for Plaintiff
```

**Floyd W. Bybee, #012651**
**Law Office of**
**Floyd W. Bybee, PLLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Nina Burchett,** an individual; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Allstate Financial Services, Inc.**, a Nevada corporation; **Michael O'Connor**, an individual; **Scott Fuller**, an individual; and **Benjamin Moore**, an individual; | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff alleges as follows:

**I.   Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection

1   Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter
2   "FDCPA"), and for state law claims for unreasonable debt
3   collection and invasion of privacy.  In the course of
4   attempting to collect a debt allegedly owed by
5   Plaintiff, Defendants engaged in deceptive, unfair and
6   abusive debt collection practices in violation of the
7   FDCPA, and took actions which constitute unreasonable
8   debt collection and invasion of privacy under the
9   doctrine enunciated in <u>Fernandez v. United Acceptance
10  Corporation</u>, 610 P.2d 461 (Ariz. App. 1980). Plaintiff
11  seeks to recover actual damages, and statutory damages,
12  punitive damages, as well as reasonable attorney's fees
13  and costs.

14   **II.  Statutory Structure of FDCPA**

15  2.  Congress passed the FDCPA to eliminate abusive debt
16      collection practices by debt collectors, to insure that
17      those debt collectors who refrain from using abusive
18      debt collection practices are not competitively
19      disadvantaged, and to promote consistent state action to
20      protect consumers against debt collection abuses. FDCPA
21      § 1692.
22  3.  The FDCPA is designed to protect consumers who have been
23      victimized by unscrupulous debt collectors regardless of
24      whether a valid debt exists.  <u>Baker v. G.C. Services
25      Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

1   4.   The FDCPA defines a "consumer" as any natural person
2       obligated or allegedly obligated to pay any debt. FDCPA
3       § 1692a(3).
4   5.   The FDCPA defines "debt" as any obligation or alleged
5       obligation of a consumer to pay money arising out of a
6       transaction in which the money, property, insurance, or
7       services which are the subject or the transaction are
8       primarily for personal, family, or household purposes.
9       FDCPA § 1692a(5).
10   6.   The FDCPA defines "debt collector' as any person who
11       uses any instrumentality of interstate commerce or the
12       mails in any business the principal purpose of which is
13       the collection of any debts, or who regularly collects
14       or attempts to collect, directly or indirectly, debts
15       owed or due or asserted to be owed or due to another.
16       FDCPA § 1692a(6).
17   7.   Any debt collector who fails to comply with the
18       provisions of the FDCPA is liable for any actual damage
19       sustained; statutory damages up to $1,000; attorney's
20       fees as determined by the Court and costs of the action.
21       FDCPA § 1692k.

### III. Jurisdiction

23   8.   Jurisdiction of this Court, over this action and the
24       parties herein, arises under 15 U.S.C. § 1692k(d)
25       (FDCPA), and 28 U.S.C. §1337.  Venue lies in the

Prescott Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### IV. Parties

9. Plaintiff is an individual and resident of Mohave County, Arizona.
10. Plaintiff is obligated to pay a consumer debt.
11. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
12. Defendant Allstate Financial Services, Inc., (hereinafter "AFS") is a Nevada corporation doing business within the State of Arizona.
13. AFS also does business under the name of Allstate Adjustment Bureau.
14. AFS regularly collects or attempts to collect debts owed or asserted to be owed or due another.
15. AFS regularly collects or attempts to collect debts which it has purchased after default.
16. AFS is a "debt collector" as defined by FDCPA § 1692a(6).
17. AFS is a member of ACA International, a trade association for credit and collection professionals.
18. As a member of the ACA, AFS has agreed to abide by the ACA Code of Ethics.
19. Defendant Michael O'Connor is the President, CEO,

|   |   |
|---|---|
| 1 | Secretary, Treasurer, and Director of AFS. |
| 2 | 20. O'Connor engages in the business of collecting debts alleged to be due another. |
| 4 | 21. Upon information and belief, O'Connor created the collection policies and procedures utilized by the employees of his company, AFS. |
| 7 | 22. Upon information and belief, O'Connor manages the daily collection operations of his company, AFS, and oversees the application by his employees of his collection policies and procedures. |
| 11 | 23. O'Connor is a "debt collector" as defined by FDCPA § 1692a(6). |
| 13 | 24. Defendant Scott Fuller is employed by AFS as a collector. |
| 15 | 25. Fuller collects or attempts to collect debts which are due another. |
| 17 | 26. Fuller is a "debt collector" as defined by FDCPA § 1692a(6). |
| 19 | 27. Defendant Benjamin Moore is employed by AFS as a collector. |
| 21 | 28. Moore collects or attempts to collect debts which are due another. |
| 23 | 29. Moore is a "debt collector" as defined by FDCPA § 1692a(6). |
| 25 | 30. AFS is liable for the acts of its employees and agents |

- 5 -

1   within the scope of their authority under the doctrine
2   of respondent superior.

### V.  Factual Allegations

3
4   31. Several years prior, Plaintiff Nina Burchett opened and
5       used a credit card issued by Applied Card Bank.
6   32. Plaintiff used the credit card for personal, family, and
7       household purposes.
8   33. Due to health and employment circumstances beyond the
9       control of Plaintiff, Plaintiff fell behind on her
10      payments to Applied.
11  34. Applied subsequently assigned Plaintiff's account to AFS
12      for collection purposes.
13  35. In or about July 2008, AFS began a campaign of harassing
14      phone calls to Plaintiff and her family in an attempt to
15      collect on the Applied account.
16  36. The first communication Plaintiff received from AFS was
17      a phone message "from the Bank Fraud Division," and that
18      it was urgent that Plaintiff return the call.
19  37. When Plaintiff called the number, she learned the phone
20      number actually belonged to Allstate Financial Services,
21      and that the "Bank Fraud Division" was a ruse used by
22      AFS to get Plaintiff to call.
23  38. Because of the threats made by AFS's collector during
24      that phone conversation, Plaintiff agreed to make
25      monthly payments on the Applied account of $75.00.

- 6 -

1  39. AFS and Plaintiff agreed that AFS would create a check-
2      by-phone each month and submit it to Plaintiff's bank on
3      the 10th of each month.
4  40. However, contrary to the agreement between Plaintiff and
5      AFS, AFS submitted two (2) checks of $75.00 each to
6      Plaintiff's bank in September 2008.
7  41. This caused other items with Plaintiff's bank to bounce,
8      for which the bank charged Plaintiff service fees.
9  42. Upon learning that AFS had submitted two (2) checks,
10     Plaintiff called AFS and spoke with Mr. Green.
11 43. Plaintiff explained to Mr. Green that she had only
12     authorized $75.00 per month to be taken out of her
13     account, and that AFS had taken two payments of $75.00
14     each which caused her bank account to overdraw.
15 44. Mr. Green rudely responded to Plaintiff by initially
16     saying "personally, I think you are full of shit Mrs.
17     Burchett."
18 45. Plaintiff then told Mr. Green that her authorization to
19     take out $75.00 per month was withdrawn, and that AFS
20     was not to take any more money from her bank account.
21 46. Plaintiff also demanded that AFS refund the $75.00 it
22     had taken without her permission.
23 47. Mr. Green told Plaintiff that it would take ten (10)
24     business days to refund money.
25 48. After her call to AFS, Plaintiff also called her bank,

-7-

|   |   |   |
|---|---|---|
| 1 |  | but the bank was unable to help her and refused to |
| 2 |  | credit her account for the second $75.00 withdrawal. |
| 3 | 49. | On October 3, 2008, Plaintiff called Mr. Green to find out why she had not received the refund. |
| 5 | 50. | Mr. Green told Plaintiff that AFS had accidentally refunded the wrong account by using the wrong routing number, but that it had been reprocessed and she should receive her refund within a few days. |
| 9 | 51. | Rather than refund the money, however, on October 16, 2008 AFS put through a third check-by-phone for $75.00 from Plaintiff's bank account. |
| 12 | 52. | AFS also submitted a fourth check for $75.00 dated October 8, 2008 and a fifth check for $75.00 dated October 9, 2008. |
| 15 | 53. | AFS gave no written notice of its intent to submit these checks-by-phone to Plaintiff. |
| 17 | 54. | The last two checks were returned by Plaintiff's bank as Non-Sufficient-Funds because AFS had caused the account to overdraw due to submitting its second and third checks by phone. |
| 21 | 55. | Because of AFS's continued submission of falsely created checks, Plaintiff had to close her bank account. |
| 23 | 56. | At no time has AFS sent Plaintiff any written communication, including notice of her right to dispute the debt and request validation. |

57. On October 10, 2008, Plaintiff sent AFS a letter disputing the debt and resting verification.
58. AFS never responded to Plaintiff's dispute or provided verification.
59. Plaintiff continued to receive phone calls from AFS after her letter of dispute and request for verification.
60. On December 29, 2008, Plaintiff received a voice message from Defendant Fuller which stated in part:

> Ms. Burchett, my name is Scott Fuller. I am in representation of the legal office of Allstate. My call today is in relevance to an investigation I have been asked to conduct here presently regarding multiple listed transaction that you have performed on your bank account within the last 120 days. I have been asked to report this matter to the Mohave County Sheriff's department, as well as to notify the ADA office and Governor of the State of Arizona. As part of the proceeding, I have been asked to document on paper the following statements as well as present you with an opportunity to resolve this matter voluntarily. I would highly recommend you reach me. I am accessible at 1-866-508-1877. Reach me directly in my office at extension 1509. Once again, Ms. Burchett, this is Scott Fuller. I will be looking forward to speaking with you very shortly.

61. On January 3, 2009, Plaintiff received a voice message from Defendant Moore wherein he told Plaintiff that "my client has asked me to submit your case file to the Mohave County District Venue for litigation" and if she

1  should call she should reference "case file number
2  3822237."
3  62. These calls from AFS have caused Plaintiff great
4  emotional harm with physical manifestations.
5  63. AFS's false and illegal actions have caused Plaintiff to
6  live in fear that she was going to be sued on the
7  Applied debt.
8  64. AFS's representations have also caused Plaintiff to
9  worry that she had been accused of committing a crime,
10 and that she was going to be arrested by the Mohave
11 County sheriff's office and prosecuted for some criminal
12 actions.
13 65. As a result of Defendants' outrageous actions as
14 outlined above, Plaintiff has suffered damages
15 including, but not limited to, extreme emotional
16 distress, embarrassment, humiliation, family strife and
17 conflict, anger, sleeplessness, upset stomach,
18 headaches, inability to concentrate, loss of enjoyment
19 of life, and other severe emotional distress.
20 66. The actions taken by AFS and its collectors as outlined
21 above are consistent with complaints made by other
22 consumers concerning AFS's collection tactics.
23 67. Defendants' actions taken here were intentional,
24 willful, and in gross or reckless disregard of
25 Plaintiff's rights, and part of its persistent and

1  routine practice of debt collection.
2  68. In the alternative, Defendants' actions were negligent.

### VI.  Causes of Action

#### a.  Fair Debt Collection Practices Act

69. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
70. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(2), 1692d(6), 1692e, 1692e(1), 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692e(11), 1692e(14), 1692f(2), 1692f(3), 1692f(4), and 1692g.
71. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

#### b.  Invasion of Privacy

72. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
73. Defendants' actions constitute unreasonable debt collection and an invasion of Plaintiff's privacy pursuant to the doctrine enunciated in <u>Fernandez v. United Acceptance Corporation</u>, 610 P.2d 461 (Ariz. App. 1980).
74. As a direct result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages for which Defendants are liable.

**VII.   Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all issues so triable.

**VIII.   Prayer for Relief**

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Statutory damages of $1,000 for each Defendant pursuant to §1692k;

b) Actual damages in an amount to be determined by trial;

c) Punitive damages in an amount to be determined at trial;

d) Costs and reasonable attorney's fees pursuant to §1692k; and

e) Such other relief as may be just and proper.

DATED    January 6, 2009   .

        s/ Floyd W. Bybee
Floyd W. Bybee, #012651
Law Office of
Floyd W. Bybee, PLLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff